UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOEL SHARROCK,

                              Plaintiff,

v.                                                             **ORDER**

WALMART, INC., WAL-MART STORES        19-cv-10016 (PMH)
EAST, LP and WAL-MART STORES EAST,
INC.,

                              Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On or about March 9, 2019, Plaintiff Joel Sharrock commenced an action in the Supreme Court of the State of New York, County of Westchester against Defendants Walmart, Inc., Wal-Mart Stores East, LP and Wal-Mart Stores East, Inc. (collectively "Defendants") by the service and filing of a Summons and Complaint. (Doc. 4, "Not. of Removal ¶¶ 1-2; Doc. 4-1, "Compl."). On July 26, 2019, Defendants served an answer to Plaintiff's Complaint. (Doc. 4-1, "Answer"). On October 29, 2019, Defendants removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Not. of Removal ¶ 6. On June 26, 2020, this action was reassigned to me.

        Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court finds that it does not have subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and remands the case to the state court from which it was removed.

        Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.

§ 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273–74).

Plaintiff's Complaint alleges that he was injured in a Wal-Mart store due to a liquid spill. Compl. ¶¶ 31-36. In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." New York's Civil Practice Law and Rules ("C.P.L.R.") § 3017(c). Thus, Plaintiff's Complaint does not state a specific sum of money he seeks to recover from Defendants and asserts only that his damages "exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Compl. ¶ 37. If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds,

by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

In their Notice of Removal, Defendants assert that "the grounds for removal are that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)." Not. of Removal ¶ 3. According to Defendants, complete diversity exists because Defendants are citizens of Arkansas[1] and Plaintiff is a citizen of New York. *Id.* ¶¶ 4-5. Defendants further assert that the amount in controversy is in excess of $75,000.00 "[b]ased on an October 29, 2019 telephone conversation with plaintiff's attorney, [where] plaintiff demanded $200,000.00 to settle this matter." *Id.* ¶¶ 4, 6. As stated above, Plaintiff's Complaint does not identify an amount in controversy. *See* Compl. ¶ 37. Defendants provide the Court no other support for their assertion that the amount in controversy exceeds $75,000.

Pursuant to the removal statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Furthermore, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id*. at (c)(3)(A). The removal statute "is to be

---

[1] Defendants assert that, for diversity purposes, limited partnerships have the citizenship of each of its general and limited partners. Not. of Removal ¶ 4 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196-96 (1990)). Defendant Wal-Mart Stores East, LP, i/s/h/a "Walmart, Inc., Wal-Mart Stores East, LP and Wal-Mart Stores East, Inc.," is a Delaware limited partnership with its headquarters and principal place of business in Arkansas. Not. of Removal ¶ 4. WSE Investment, LLC, is the limited partner of Wal-Mart Stores East, LP, and WSE Management, LLC is the general partner, both of which are Delaware companies with their principal places of business in Arkansas. *Id.* The sole member of both WSE Investment, LLC and WSE Management, LLC is Wal-Mart Stores East, Inc., which is incorporated and has its principal place of business in Arkansas. *Id.*

strictly construed." *Quintana v. Werner Enterprises, Inc.,* No. 09-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001)).

Although Defendants annex copies of their discovery demands in the state court action to the Notice of Removal (*see* Doc. 4-2), there is no indication on this docket of any written response by Plaintiff to those discovery demands, and no "other paper" has been proffered which sets forth the amount in controversy. This Court has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. In fact, it reveals that on October 18, 2019, Defendants moved the Supreme Court, County of Westchester, to compel responses to their discovery demands, including their demand pursuant to C.P.L.R. § 3017(c), to which they asserted they received no response from Plaintiff. *See* Index No. 59493/2019, NYSCEF Doc. Nos. 4-10. Thus, the only allegation of the amount in controversy is Plaintiff's alleged oral demand of $200,000.00. Not. of Removal ¶¶ 4, 6.

"It is well-settled that the Second Circuit has a 'bright line rule' that the 30-day 'removal clock does not start to run until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of monetary damages sought.'" *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added)). Moreover, the "[d]istrict courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal." *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306, 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018); *see also Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (rejecting Plaintiff's argument that an oral settlement demand triggered the 30-day clock to remove a case and stating that "Plaintiff does not suggest, must less establish,

that the settlement demand was made in writing."); *Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) ("[I]t would be a stretch to equate a purely oral conversation concerning the extent of damages to an 'other paper' for purposes of § 1446(b)(3)."); *Johnson v. Davidson Bros.*, No. 11-CV-2816, 2011 WL 6014457, at *2 (S.D.N.Y. Dec. 1, 2011) ("As an initial matter, the court disregards counsels' telephone call…as an oral conversation is neither a 'pleading' nor 'other paper' capable of triggering the thirty-day filing period set forth in 28 U.S.C. § 1446(b).").

Because the Court concludes that Defendants have failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000 and the oral demand did not serve to start the 30-day removal clock, this Court holds that removal from state court was improper. Accordingly, the action is remanded to the state court from which it was removed.

The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this case. All pending motions are hereby terminated.

                                                  **SO ORDERED.**

Dated: New York, New York  
       July 6, 2020

                                                Philip M. Halpern  
                                                United States District Judge